UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TEMNIT ARAYA KIDANE,

Plaintiff,

v.

CAROLYN W. COLVIN,

Defendant.

Case No.  14-cv-02045-VC

**ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND
DENYING DEFENDANT'S CROSS
MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 14, 17

Plaintiff Temnit Kidane brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under the Social Security Act.  The parties have filed cross-motions for summary judgment.  The plaintiff's motion is granted in part.  The defendant's motion is denied. The parties are familiar with the facts and the applicable standard of review, so the Court does not recite them here.

The ALJ found Dr. Wagner's opinion "persuasive and entitled to great weight" because "the doctor is familiar with Social Security policy and regulations," and because "the doctor reviewed the complete documentary record and provided a detailed explanation with references to the evidence in the record."  The ALJ also noted that Dr. Wagner's opinion was "consistent with the fact that the claimant is able to prepare meals for her children."  AR 23.  The ALJ accorded little weight to Dr. Lin's opinion, finding that "the claimant's ability to cook for her children and take them for walks is not consistent with the limitations that Dr. Lin has found."  AR 23.

Because Dr. Lin was Kidane's treating physician, the ALJ was required to either defer to Dr. Lin's opinion or make findings setting forth specific, legitimate reasons for rejecting it.  *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1222 (9th Cir. 2010); *see also Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986).  ("The ALJ can meet this burden by setting out a

1   detailed and thorough summary of the facts and conflicting clinical evidence, stating his

2   interpretation thereof, and making findings.")

3        At least with respect to Dr. Lin's functional capacity assessment, the reasons the ALJ

4   provided for rejecting Dr. Lin's opinion did not meet this burden.  Dr. Lin opined that that Kidane

5   could lift and carry 10 pounds frequently and 11 to 20 pounds occasionally, could stand and walk

6   for a total of four hours in a workday, could not stoop and crouch, would need to change positions

7   from sitting, standing and walking every 15 minutes, and would need to take 10 to 15-minute rest

8   breaks every 15 to 30 minutes.  Kidane testified that she lives two blocks from her children's

9   school, and that the walk takes approximately five minutes in each direction.  AR 365–66.  She

10   testified that the meals she prepares for her children include "toast, bread and peanut butter or

11   sometimes . . . cereal," AR 365, and heating in the microwave meals prepared by her husband.

12   AR 361.  The ALJ did not explain for why Kidane's ability to prepare simple for her children and

13   to walk them a short distance to school is inconsistent with the limitations provided by Dr. Lin.

14   And no such inconsistency is apparent to the Court.  There is nothing in the record to suggest that

15   Kidane was required to lift more than 10 pounds or stand or walk for more than 15 minutes to

16   make toast for her children or to walk them two blocks to school.

17        The Commissioner's motion for summary judgment presents a number of additional

18   reasons for rejecting Dr. Lin's opinion.  While these reasons may well be sound, the Court is

19   "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th

20   Cir. 2003).  It would be "error . . .  to affirm the ALJ's . . . decision based on evidence that the ALJ

21   did not discuss." *Id.*

22        Moreover, the ALJ found that Kidane "shows no evidence of an impairment which meets

23   or equals the criteria of a listed impairment." AR 21.  However, the record included the checklist

24   form on which Dr. Lin opined that Kidane suffered from the major dysfunction of a joint and was

25   unable to ambulate effectively.  The language on this form mirrored the definitions provided in the

26   Listings themselves, *compare* AR 310 *with* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, and represents

27   Dr. Lin's opinion on an issue reserved to the Commissioner.  For this reason, the ALJ was not

28   required to give controlling weight to Dr. Lin's opinion about whether Kidane met the criteria for

"major dysfunction of a joint" under Listing 1.02.  But the ALJ was required to at least *consider* Dr. Lin's opinion.  *See* 20 C.F.R. § 404.1527(d)(2)–(3).  The ALJ's written decision provides no indication that this happened.

Accordingly, Kidane's motion is granted in part.  The case is remanded for a redetermination of Kidane's eligibility.  *See Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014).

**IT IS SO ORDERED.**

Dated:  May 12, 2015

_____
VINCE CHHABRIA
United States District Judge

United States District Court
Northern District of California

3